UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MORDECHAI HOFSTATTER
on behalf of himself and
all other similarly situated consumers

                          Plaintiff,


         -against-


LAW OFFICES OF JOHN C. WILLIAMS & ASSOCIATES

                          Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.   Plaintiff Mordechai Hofstatter seeks redress for the illegal practices of Law Offices of

     John C. Williams & Associates, concerning the collection of debts, in violation of the

     Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

     that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.   Upon information and belief, Defendant's principal place of business is located in

     Atlanta, Georgia.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

     consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

     1692(a)(6).

*Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Mordechai Hofstatter*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about September 6, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  The said September 6, 2017 letter was Defendant's initial communication with the Plaintiff.

12.  Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

13.  It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[1]

14.  The letter was supposed to identify the name "RE: GENOVA DIAGNOSTICS, INC.

---

[1] Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016). (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.), McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.), Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993), Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003), Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998), McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b)., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

(Asheville, Atlanta)" either as the "original creditor," "current creditor," or "the creditor to whom the debt is owed."

15.    Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

16.    An unsophisticated consumer is left in the dark as to whether or not "GENOVA DIAGNOSTICS, INC." is in fact the creditor to whom the alleged debt is owed.[2]

17.    An unsophisticated consumer is left confused as to who the creditor is in this case.[3]

18.    Defendant failed to effectively state "the name of the creditor to whom the debt is owed."

19.    Therefore, Defendant's form collection letter violates §§ 1692g and 1692g(2) of the FDCPA.

20.    An unsophisticated consumer would likely be deceived by Defendant's conduct.

21.    Said letter is also deceptive and misleading in violation of 15 U.S.C. §§ 1692e and

---

[2] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015). (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.), Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015). ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."), Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006). ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."), Amina v. WMC Mortgage Corp., No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011). ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor.")

[3] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g](a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015), Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

1692e(10).

22. Said September 6, 2017 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

23. The said September 6, 2017 validation "NOTICE" was unclear and confusing and contained multiple deficiencies under 15 U.S.C. § 1692g.

24. The "NOTICE" omitted the required language which would indicate that it is the debt collector that will assume the validity of the debt, rendering the validation notice ineffective in violation of Section 1692g, and deceptive in violation of Sections 1692e and 1692e(10).

25. 15 U.S.C. § 1692g requires a debt collector to send, within five days of the initial communication, in connection with the collection of a debt, a notice of the consumer's validation rights. Pursuant to the statute, the notice must contain in part the following information:

> A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**. 15 U.S.C. § 1692g(a)(3) (emphasis added).

26. The said letter does not contain the language identified in the previous paragraph. Instead, it states in pertinent part: "It is assumed that this debt is valid unless you dispute the validity of all or part of this debt within thirty (30) days from the receipt of this notice."

27. By omitting the required language "**by the debt collector**," Defendant's statement creates an implication that someone other than Defendant, such as a court, will assume that the debt is valid if the Plaintiff fails to dispute it. See Smith v. Hecker, 2005 U.S.

Dist. LEXIS 6598 (E.D. Pa. Apr. 18, 2005). (The court found that Section 1692g(a)(3)

requires a debt collector to provide the debtor with "a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt,

or any portion thereof, the debt will be assumed to be valid by the debt collector."

omission of "by the debt collector" would lead a least sophisticated debtor to believe that

unless she disputes the validity of the debt . . . her debt will be . . . determined to be

valid by a court, credit reporting agency, or other entity of authority [or] imposed upon

her using a valid procedure.)[4]

---

[4] Galuska v. Collectors Training Inst., Inc., 2008 WL 2050809 (M.D. Pa. May 13, 2008). (Dismissal denied where the dun said ''this debt will be assumed to be valid'' but did not include ''by the debt collector,'' as the omission could be confusing or misleading.), Harlan v. NRA Group, LLC, 2011 U.S. Dist. LEXIS 12751 (E.D. Pa. Feb. 9, 2011). (The court held the Defendants' omission of language indicating that it is the debt collector that will assume the validity of the debt only fuels confusion. The court noted that courts have held that a debt collector must include some language that makes clear that it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose. The court held that without the clarifying language the notice is susceptible to two or more different interpretations and would create uncertainty about the debtor's rights. This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of Sections 1692e and 1692e(10)), Philip v. Sardo & Batista, P.C., 2011 U.S. Dist. LEXIS 130267 (D.N.J. Nov. 10, 2011). (The court followed Galuska in finding that the absence of the term by the debt collector," or its equivalent can be confusing or misleading. The court noted that the fact that the collection notice uses the term "this office" in numerous other places in the letter does not necessarily lead the least sophisticated debtor to believe that Defendant is the entity assuming the debt to be valid. In fact, the notice could be read as confusing or misleading because of the fact that "I" and "this office" was used so frequently in other contexts within the notice but not used after the clause regarding the assumption of the validity of the debt. The unsophisticated consumer could interpret this to mean that the debt would be assumed valid by a different entity), Pierce v. Carrington Recovery Servs., LLC, 2009 U.S. Dist. LEXIS 72049 (W.D. Pa. Aug. 14, 2009). (Following Galuska v. Collectors Training Inst. of Ill., Inc., No. 07-2044, 2008 U.S. Dist. LEXIS 39508,2008 WL 2050809, *6 (M.D. Pa. May 13, 2008) and Smith v. Hecker, No. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, *6 (E.D. Pa. April 18, 2005) The court denied the defendant debt collector's motion to dismiss because the omission of "by the debt collector" may be deceptive), Koch v. Atkinson, Diner, Stone, Mankuta & Ploucha, P.A., 2011 U.S. Dist. LEXIS 109826 (S.D. Fla. Sept. 26, 2011). (Following Galuska v. Collectors Training Inst. of Illinois, Inc., No. 3:07-CV-2044, 2008 U.S. Dist. LEXIS 39508, 2008 WL 2050809, at * 3 (M.D. Pa. May 13, 2008) and Smith v. Hecker, No. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, at * 6 (E.D. Pa. Apr. 18, 2005) The court held that the letter must include language "by the debt collector" in order to identify the person who would be assuming the debt to be valid), Diaz v. Residential Credit Solutions, Inc., 2013 U.S. Dist. LEXIS 61693, 24-25, 2013 WL 1820948 (E.D.N.Y. Apr. 29, 2013). (Holding that the FDCPA requires that a validation notice specifically include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector.**" 15 U.S.C. § 1692g(a)(3) (emphasis added). Therefore, as other courts have held, "the absence of the term 'by the debt collector,' or its equivalent here, is a sufficient allegation [of an FDCPA violation] to survive the standard for a motion to dismiss." Philip v. Sardo & Batista, P.C., Civil Action No. 11-4773 (SRC), 2011 U.S. Dist. LEXIS 130267, at *12 n. 1, 13 (D.N.J. Nov. 10, 2011) (analyzing the statement "Should we not receive your written dispute, it shall be assumed this debt is valid"), see also Galuska v. Collectors Training Inst. of Illinois, No. 07-2044, 2008 U.S. Dist. LEXIS 39508 at *17-18 (M.D. Pa. May 13, 2008). (Holding that a "failure to include the term 'by the debt collector' may be deceptive to the least sophisticated debtor when considering the whole document validation notice" where the validation notice stated that "Unless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, this debt will be assumed to be valid") (emphasis removed)"), Orr v. Westport Recovery Corp., 2013 U.S. Dist. LEXIS 56222, 16-17, 2013 WL 1729578 (N.D. Ga. Apr. 16, 2013). (The court stated "A reading of the Letters in their entirety does not inform plaintiff that his debt will be assumed to be valid by the debt collector. In fact, there is no language in the Letters that identifies the person or entity that will assume the debt to be valid." "Defendants' omission of language indicating that it is the debt collector that will assume the validity of the debt . . . fuels the confusion. Though [d]efendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." Harlan, 2011 U.S. Dist. LEXIS 12751, 2011 WL 500024, at *3. "When read in the context of the entire [Letters], the phrase 'will be [assumed] valid' and the subsequent omission of any reference to the entity that will be ['assuming'] the debt [might] confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority [other than the debt collector]." Smith, 2005 U.S. Dist. LEXIS

28.     This misrepresentation is false, deceptive and misleading and violates 15 U.S.C. §§ 1692e and 1692e(10).

29.     This defect renders the validation notice ineffective in violation of 15 U.S.C. § 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

30.     The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer. 15 U.S.C. § 1692g(c).

31.     The September 6, 2017 "NOTICE" continued as follows: "If you notify this office of a dispute in writing within thirty (30) days of receiving this letter, we will provide verification of this debt or a copy of the judgment against you, whichever the case may be; as well as the name and address of the original creditor."

32.     The "NOTICE" overshadowed the Plaintiff's right to dispute the debt, violating Sections 1692e, 1692e(10), and 1692g(a)(4) of the FDCPA.

33.     Section 1692g(a) of the FDCPA states as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

---

6598, 2005 WL 894812, at *6. Therefore, the court cannot conclude at this time that the omission was not material or harmless. The court concludes that defendants' failure to include "by the debt collector" or its equivalent is sufficient to allege a claim for which relief may be granted.), Dutterer v. Thomas Kalperis Int'l, Inc., 767 F. Supp. 2d 504, 508, 2011 U.S. Dist. LEXIS 12181, 2011 WL 674785 (E.D. Pa. 2011). (The court stated "The debt collector's letter to the debtor is "not required to quote directly from the language of the statute," but rather "the notice [must] inform sufficiently a least sophisticated debtor of his debt validation rights."), Smith v. Hecker, No. Civ. A. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, at *5 (E.D. Pa. Apr. 18, 2005). (Denying motion to dismiss FDCPA claim where validation notice did not inform plaintiff that her debt would be assumed valid by the debt collector") "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c).), Iyamu v. Clarfield, Okon, Salomone & Pincus, P.L., 2013 U.S. Dist. LEXIS 88723, 2013 WL 3192038 (S.D. Fla. June 21, 2013). ("A number of courts have concluded that omitting the phrase "debt collector" in a debt collection notice could mislead the least-sophisticated consumer and violate the FDCPA...These courts conclude the phrase "debt collector" serves an important and meaningful purpose in a debt collection notice by conveying the specific entity that is entitled to assume a debtor's debt is valid for purposes of collection... I adopt the reasoning of these district courts." (citations, alterations, and quotation marks omitted)

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3).

A statement that if the consumer notifies the debt collector in writing … **that the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4). (emphasis added.)[5]

34. The Defendant did not sent the Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

35. The "NOTICE" failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

36. An unsophisticated consumer could be led to believe that his notification to the debt collector is merely in order to obtain verification of the debt, but <u>not</u> to dispute the debt.

37. The said acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[6]

---

[5] In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. Swanson, 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

[6] <u>Foresberg v. Fidelity Nat'l Credit Servs., Ltd.</u>, 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.), <u>Bailey v. TRW Receivables Mgmt. Servs., Inc.</u>, 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.), <u>McCabe v. Crawford & Co.</u>, 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.), <u>Beasley v. Sessoms & Rogers, P.A.</u>, 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). (The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.)

38.     Defendant's September 6, 2017 letter violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3) and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements.

39.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

47.     As an actual and proximate result of the acts and omissions of the Law Offices of John C. Williams & Associates, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

48.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

49.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

50.     Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 6, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

51.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 6, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3) and

1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements.

52.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

      A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

      B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
September 15, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

### JOHN C. WILLIAMS & ASSOCIATES

ATTORNEYS AT LAW

WILLIAMS LAW BUILDING
1612 NORTHEAST EXPRESSWAY
ATLANTA, GA 30329

TELEPHONE
(404) 325-9360

TELEFAX NO.
(404) 329-6320

September 6, 2017

FILE#: 018030006301

Mr. Mordechai Hofstatter
1034 East 29th St
Brooklyn NY 11210

RE: GENOVA DIAGNOSTICS, INC. (Asheville-Atlanta)
Client's Reference #: LK4150122  Balance: $385.42 NOTE: PAT. MORDECHAI HOFSTATTER

Dear Mr. Hofstatter:

This office represents Genova Diagnostics with regard to the above referenced open account balance for laboratory services. The obligation in the amount indicated above remains outstanding. Please remit payment of the amount due to this office. Your check should be made payable to Genova Diagnostics.

Payment may also be made by check by phone at no additional charge or credit card (Visa, Discover or Master Card). If you would like to take advantage of these payment options, please contact Fred Little at (404)329-6307, or via email at flittle@williamsandwilliams.com.

NOTICE: It is assumed that this debt is valid unless you dispute the validity of all or part of this debt within thirty (30) days from receipt of this notice. If you notify this office of a dispute in writing within thirty (30) days of receiving this letter, we will provide verification of this debt or a copy of the judgment against you, whichever the case may be; as well as the name and address of the original creditor.

All payments and communications should be made only through this office.

Sincerely,

John C. Williams, Attorney at Law

FL /dc:Aty5
This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained during our handling of this matter will be used for that purpose.